UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY E. LAMAR, #257156,

        Petitioner,

v.                                        CASE NO. 07-11097
                                          HONORABLE ANNA DIGGS TAYLOR

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Anthony E. Lamar is a state prisoner at St. Louis Correctional Facility (SLF) in St. Louis, Michigan. He has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenges prison disciplinary proceedings, which resulted in the loss of good time or disciplinary credits. Petitioner claims that state correctional officials violated his constitutional rights, but the Michigan Court of Appeals found no merit in Petitioner's claims. Because the state court's decision was objectively reasonable, the habeas petition must be denied.

**I. Background**

On December 9, 2003, correctional officer G. LeBlanc charged Petitioner with possession of a weapon. LeBlanc stated in a misconduct report about the incident that he searched the upper vent in Petitioner's cell and found a piece of metal, which was 3½ inches long and sharpened to a point. The piece of metal was resting in the bottom hole of the vent. LeBlanc concluded from a housing rule in effect at SLF ("the SLF rule") that the vent was within Petitioner's area of control.

At the time, the SLF rule defined the area of control for an inmate assigned to an upper bunk as: "upper bunk, upper shelf surface, upper bulletin board, walls, wall locker, ceiling, ceiling light, cell door, cell door window, ladder, assigned waste basket, assigned fan, assigned chair, and count light." *See* Habeas Corpus Petition, Appendix D. Petitioner points out that this definition does not include vents as items within an inmate's area of control. Shortly after Petitioner's alleged misconduct, the SLF rule was amended to include "vents in walls" as part of the area of control for an inmate assigned to the upper bunk of a cell. *See* Habeas Corpus Petition, Appendix E.

On December 15, 2003, hearing officer G. Heisler conducted a misconduct hearing at which Petitioner pleaded not guilty. Petitioner claimed that he had been unaware of the weapon and that the weapon did not belong to him and was not within his area of control. The hearing officer, however, determined that the upper vent area was within the control of the upper bunk where Petitioner locked and that Petitioner had not rebutted the presumption found in Policy Directive 03.03.105 that inmates possess items within their area of control. The hearing officer found Petitioner guilty, as charged, of possession of a weapon. Petitioner was punished with thirty days of detention and the loss of forty-five days of accumulated good-time or disciplinary credits.

Petitioner challenged the hearing officer's decision in a petition for judicial review. An Ingham County circuit judge remanded the case to the hearing officer for a rehearing on Petitioner's request for video evidence. The court retained jurisdiction.

At the re-hearing on remand, Petitioner explained that he wanted the video evidence to show that Officer LeBlanc had accessed the vent from a hall closet and not from within

Petitioner's cell. The hearing officer denied Petitioner's request for video evidence after noting that hall video cameras show only the hallways and the front of cells, not the inside of cells or the inside of hall closets. The hearing officer chose to believe Officer LeBlanc's testimony that LeBlanc found the metal weapon in the upper vent of Petitioner's cell and that the weapon was accessible from inside the cell. The hearing officer concluded that the upper vent was within Petitioner's area of control and responsibility.

The Ingham County Circuit Court concurred in the hearing officer's findings on remand. The circuit court was not persuaded by Petitioner's assertion that Officer LeBlanc did not obtain the weapon from the vent cover inside Petitioner's cell. The circuit court affirmed the hearing officer's decision that Petitioner was guilty of major misconduct.

Petitioner appealed the circuit court's decision, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See Lamar v. Dept. of Corrections*, No. 262800 (Mich. Ct. App. Sept. 16, 2005). On February 27, 2006, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions. *See Lamar v. Dept. of Corrections*, No. 129953 (Mich. Sup. Ct. Feb. 27, 2006).

Petitioner filed his habeas corpus petition on March 15, 2007. His claims read:

Respondents violated Petitioner's 14th Amendment right of due process when:

(A) issuing a possession of a weapon misconduct report upon Petitioner under a vague (catch all) prison rule which did not define the area in which the weapon was found as petitioner's area of control.

(B) issuing the possession of a weapon misconduct report under a vague rule and then changing the rule 3 days after the misconduct was issued in order to have Petitioner found guilty of the misconduct.

Contrary to and/or and (sic) unreasonable application of United States Supreme Court precedent.

3

Petitioner seeks restoration of the good-time or disciplinary credits that he forfeited due to the misconduct proceedings.

## II. Standard of Review

Petitioner is entitled to relief only if he can demonstrate that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

## III. Discussion

### A. The Due Process Clause and Notice

Petitioner claims that he was not provided fair notice of prohibited conduct because the SLF rule in effect when he was charged with misconduct did not include wall vents as items within a prisoner's area of control. Due process in prison disciplinary proceedings requires that notice of the charges be provided "to the disciplinary-action defendant in order to inform him of

the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).

Although the SLF rule in effect when Petitioner was charged with misconduct did not include vents in its definition of "area of control," the rule did include walls and ceilings in its definition. Furthermore, the policy directive in effect at the time defined a prisoner's area of control in a multiple occupancy room as "that part of the room assigned to the prisoner, including bed, locker, and surrounding wall, floor and ceiling space." *See* Michigan Department of Corrections Policy Directive 03.03.105, Attachment A (Nov. 1, 2002). Policy directives apply to all correctional facilities in the State, and copies of them are kept in prison law libraries.

The Court concludes from the pre-amended SLF rule and the policy directive in effect on December 9, 2003, that vents in the upper walls and ceiling of a cell could logically be included as items within the control of an inmate assigned to an upper bunk. Thus, Petitioner was on notice that the vent in the upper part of his cell was part of his area of control. His due process claim lacks merit.

### B. The Ex Post Facto Clause

Petitioner's second and final claim alleges that the amended SLF rule was applied retroactively to him in violation of the Ex Post Facto Clause of the United States Constitution.

> The purpose of the ex post facto prohibition is "to assure that legislative Acts give *fair warning* of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S. Ct. 960, 963-65, 67 L.Ed.2d 17 (1981) (emphasis added) (citations omitted). To fall within the ex post facto prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it. *Miller v. Florida,* 482 U.S. 423, 430, 107 S. Ct. 2446, 2451, 96 L. Ed.2d 351 (1987).

*United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995).

5

Although the pre-amended SLF rule did not include the phrase "vents in walls" in its definition of an upper-bunk inmate's area of control, the rule did include walls and ceilings in the definition. The Policy Directive 03.03.105 in effect at the time of the alleged misconduct also included the surrounding wall and ceiling space in its definition of the area within an inmate's control. Because vents are found in walls and ceilings, the pre-amended rule and the policy directive provided an adequate basis for the misconduct charge. It is immaterial whether the amended SLF rule was applied to Petitioner. State correctional officials did not violate the Ex Post Facto Clause by holding Petitioner responsible for possessing an item in the upper vent of his cell.

### IV. Conclusion

The state appellate court's conclusion that Petitioner's claims lacked merit did not amount to an unreasonable determination of the facts, and it did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, Petitioner's habeas petition [Doc. 1, March 15, 2007] is **DENIED**.

An appeal from this decision could not be taken in good faith and, therefore, would be frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). Accordingly, the Court DECLINES to grant leave to proceed *in forma pauperis* on appeal. The Court DECLINES to issue a certificate of appealability because reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED:  February 11, 2008               **s/Anna Diggs Taylor**
                                        ANNA DIGGS TAYLOR
                                        UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 11, 2008:

Anthony E. Lamar, #257156
St. louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880                     s/Johnetta M. Curry-Williams
                                        Case Manager